IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GLEN THOMAS DOTSON
Reg. # 33121-044                                                                                          PETITIONER

V.                                       CASE NO. 2:17-CV-00077-KGB-JTK

GENE BEASLEY, Warden
FCI – Forrest City Low                                                                           RESPONDENT

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Respondent's Motion to Dismiss (DE # 7) be GRANTED and the Petition for Writ of Habeas Corpus dismissed without prejudice. The Petitioner's pending Motion to File for Extension of Time to Respond to Government's Motion to Dismiss (DE # 8) is denied as moot.

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Glen Thomas Dotson for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE # 1) A jury found Petitioner guilty in the Eastern District of Missouri of conspiracy to commit murder-for-hire and conspiracy to deliver a firearm to a convicted felon. (DE # 7-1) Petitioner was sentenced to 240 months' imprisonment. *Id.* The Petitioner appealed his convictions claiming that there was insufficient evidence on both counts and argued that the district court erred in calculating his sentencing range for the murder-for-hire conviction. (DE # 7-4) The Eighth Circuit affirmed his conviction on July 7, 2009. *Id.* Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri alleging

ineffective assistance of counsel and due process violations. (DE # 7-5) The district court dismissed his petition on April 18, 2013. *Id.* Furthermore, the Eighth Circuit denied Petitioner a certificate of appealability. (DE #7-6)

Petitioner filed a motion to reduce his sentence in his criminal case, which was denied by the district court. (DE # 7-3) On May 8, 2017, Petitioner filed a notice of appeal, and on June 21, 2017, the sentencing court entered an Amended Judgment. *Id.* The Amended Judgment correctly identified the title and section for the offense in count 2 as 18 U.S.C. § 922(d)(1), punishable under 18 U.S.C. § 924(a)(2). (DE # 7-2)

On May 5, 2017, Petitioner filed his Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241 stating that he has "newly discovered evidence" regarding his sentence. Specifically, Petitioner alleges that the district court's order of judgment, sentencing, and committal cites to the incorrect section of the criminal code and that he was sentenced for crimes to which he has not been found guilty. (DE # 1) The Respondent filed a motion to dismiss contending that the petition should be dismissed because this Court lacks jurisdiction to entertain the petition under § 2241. (DE # 7) For the reasons that follow, the Court agrees with Respondent and finds that the petition should be denied and dismissed without prejudice.

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence. Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the

conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. It is not disputed that the claims within Petitioner's current petition in this Court are challenging the validity of his conviction or sentence as imposed. Therefore, his claims must be directed to the Missouri district court that convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Eighth Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Missouri federal court. Such challenge is appropriate under § 2255, and as previously discussed, Petitioner has sought such review in the Missouri district court and the Eighth Circuit. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d

1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"). Petitioner has not shown that his prior attempts at relief pursuant to § 2255 were inadequate or ineffective to test the legality of his detention, and he is not entitled to proceed under § 2241 simply because he did not obtain relief from the Missouri district court or the Eighth Circuit Court of Appeals.

For the foregoing reasons, the Court concludes that habeas corpus relief pursuant to section 2241 is not available to Petitioner. Accordingly, it is recommended that Respondent's Motion to Dismiss (DE # 7) is GRANTED and this 28 U.S.C. § 2241 petition for writ of habeas corpus (DE # 1) should be denied, dismissing this action without prejudice.

SO ORDERED this 24th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE