# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | | |
|---|---|---|
| **GLEN THOMAS DOTSON**<br>Reg. # 33121-044 | | **PETITIONER** |
| v. | Case No. 2:17-cv-77 KGB | |
| **GENE BEASLEY,**<br>Warden, FCI-Forrest City Low | | **RESPONDENT** |

## ORDER

Before the Court are the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 10). Petitioner Glen Thomas Dotson has not filed an objection to the Proposed Findings and Recommended Disposition, and the time for filing an objection has passed.

Mr. Dotson filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Judge Kearney recommends that this Court grant Respondent Gene Beasley's motion to dismiss Mr. Dotson's petition (Dkt. No. 7). Having reviewed the Proposed Findings and Recommended Disposition, this Court determines that they should be, and hereby are, adopted as this Court's findings in all respects. Consistent with the Proposed Findings and Recommended Disposition, the Court grants Mr. Beasley's motion to dismiss (Dkt. No. 7). The Court dismisses without prejudice Mr. Dotson's petition for a writ of *habeas corpus* (Dkt. No. 1).

The Court writes separately to address Mr. Dotson's motion for extension of time to respond to the motion to dismiss (Dkt. No. 9). The Court concurs with Judge Kearney that this Court is without jurisdiction to address the substantive claims contained within Mr. Dotson's petition. The Court construes Mr. Dotson's petition to assail the validity of his underlying conviction: "Petitioner further asserts that the claims relevant to this submission concern recently

discovered in formation [sic] that clearly shows that judgment, sentencing and committal by the Court in this case were based upon crimes different from those found by the grand Jury in his indictment among other issues and claims." (Dkt. No. 1, at 2).

As noted in the Proposed Findings and Recommended Disposition, while Mr. Dotson seeks to proceed under 28 U.S.C. § 2441, his claim is more properly construed as a motion to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Thus, subject-matter jurisdiction lies with the district court that imposed the sentence, not the district where Mr. Dotson is serving his sentence. *See Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *see also DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). Mr. Dotson's claims must be directed to the Missouri district court that convicted and sentenced him, or to the appropriate Court of Appeals.

This Court has no jurisdiction over Mr. Dotson's petition. Thus, having granted Mr. Beasley's motion to dismiss the petition, this Court denies as moot Mr. Dotson's motion for extension of time to respond (Dkt. No. 9).

It is so ordered this the 18th day of August, 2017.

_____
Kristine G. Baker
United States District Judge